COPY

FILED

2013 JUL 11  PM 3: 54

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT CALIF.
SANTA ANA

BY_____

1  Michael K. Friedland (SBN 157,217)
   mfriedland@knobbe.com
2  Lauren K. Katzenellenbogen (SBN 223,370)
   lauren.katzenellenbogen@knobbe.com
3  Ali S. Razai (SBN 246,922)
   ali.razai@knobbe.com
4  Joy Lynn Nemirow (SBN 285,350)
   joy.nemirow@knobbe.com
5  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
6  Irvine, CA 92614
   Telephone: (949) 760-0404
7  Facsimile: (949) 760-9502

8  Attorneys for Plaintiff Oakley, Inc.

9

10

11           IN THE UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    SOUTHERN DIVISION

14

15  OAKLEY, INC., a Washington            )  Civil Action No. SACV13-1033 DOC (JPRx)
    corporation,                          )
16                                        )
            Plaintiff,                    )  COMPLAINT FOR
17                                        )  PATENT INFRINGEMENT
         v.                               )
18                                        )  DEMAND FOR JURY TRIAL
    ONE CLICK INTERNET VENTURES,          )
19  LLC, d/b/a SUNGLASS WAREHOUSE         )
    and SUNGLASSWAREHOUSE.COM, an         )
20  Indiana limited liability company,    )
                                          )
21          Defendant.                    )
                                          )

22

23

24

25

26

27

28

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Defendant One Click Internet Ventures, LLC d/b/a Sunglass Warehouse and Sunglasswarehouse.com ("Defendant") and alleges as follows:

## I. <u>JURISDICTION AND VENUE</u>

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, as it arises under the patent laws of the United States.

2.     This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3.     Venue is proper in this judicial district under 28 U.S.C. §1391 (b) and (c), and 28 U.S.C. § 1400(b).

## II. <u>THE PARTIES</u>

4.     Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.     Oakley is informed and believes, and thereon alleges, that Defendant is a limited liability company organized and existing under the laws of the State of Indiana, having its principal place of business at 1064 S. Greenwood Springs Blvd., Suite F, Greenwood, Indiana 46143.

6.     Oakley is informed and believes, and thereon alleges, that Defendant has committed the acts alleged herein within this judicial district.

### III. **GENERAL ALLEGATIONS**

7.     Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985.   Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

8.     On May 20, 2008, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D569,412 ("the D412 patent"), entitled "Eyeglass and Eyeglass Components." Oakley is the owner by assignment of all right, title, and interest in the D412 patent.  A true and correct copy of the D412 patent is attached hereto as Exhibit A.

9.     On November 25, 2008, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D581,443 ("the D443 patent"), entitled "Eyeglasses Components."   Oakley is the owner by assignment of all right, title, and interest in the D443 patent.  A true and correct copy of the D443 patent is attached hereto as Exhibit B.

10.     On November 25, 2008 the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D581,444 ("the D444 patent"), entitled "Eyeglass Components."   Oakley is the owner by assignment of all right, title, and interest in the D444 patent.  A true and correct copy of the D444 patent is attached hereto as Exhibit C.

11.     On March 18, 2008, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D564,571 ("the D571 patent"), entitled "Eyeglass and Eyeglass Components." Oakley is the owner by assignment of all right, title, and interest in the D571 patent.  A true and correct copy of the D571 patent is attached hereto as Exhibit D.

12.     On July 31, 2007, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D547,793 ("the D793 patent"), entitled "Eyeglasses."  Oakley is the owner by assignment of all right,

title, and interest in the D793 patent.  A true and correct copy of the D793 patent is attached hereto as Exhibit E.

13.    On January 28, 2003, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D469,458 ("the D458 patent"), entitled "Eyeglass Front."  Oakley is the owner by assignment of all right, title, and interest in the D458 patent.  A true and correct copy of the D458 patent is attached hereto as Exhibit F.

14.    On March 25, 2008, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D565,088 ("the D088 patent"), entitled "Eyeglass and Eyeglass Components."  Oakley is the owner by assignment of all right, title, and interest in the D088 patent.  A true and correct copy of the D088 patent is attached hereto as Exhibit G.

15.    On June 28, 2011, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D640,725 ("the D725 patent"), entitled "Eyeglass and Eyeglass Component."  Oakley is the owner by assignment of all right, title, and interest in the D725 patent.  A true and correct copy of the D725 patent is attached hereto as Exhibit H.

16.    Defendant manufactures, uses, sells, offers for sale and/or imports into the United States eyewear that infringes Oakley's intellectual property rights.

17.    Oakley has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. § 287.

## IV.  CLAIM FOR RELIEF

(Patent Infringement)

(35 U.S.C. § 271)

18.    Oakley repeats and re-alleges the allegations of paragraphs 1-17 of this Complaint as if set forth fully herein.

19.    This is a claim for patent infringement under 35 U.S.C. § 271.

20.     Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D412 patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear which are covered by the D412 patent, including Defendant's Sunglass Warehouse sunglass model Polarized Sport Style #107.

21.     Defendant's acts of infringement of the D412 patent were undertaken without permission or license from Oakley.  Defendant had actual and/or constructive knowledge of the D412 patent, and its actions constitute willful and intentional infringement of the D412 patent.  Defendant infringed the D412 patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D412 patent.  Defendant's acts of infringement of the D412 patent were not consistent with the standards of commerce for its industry.

22.     Defendant, through its agents, employees and servants, has, and continues to, knowingly, intentionally and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the D443 patent by directly and/or indirectly making, using, selling, offering for sale and/or importing eyewear which are covered by the D443 patent, including Defendant's Sunglass Warehouse sunglass model Polarized Sport Style #107.

23.     Defendant's acts of infringement of the D443 patent were undertaken without permission or license from Oakley.  Defendant had actual and/or constructive knowledge of the D443 patent, and its actions constitute willful and intentional infringement of the D443 patent.  Defendant infringed the D443 patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D443 patent.  Defendant's acts of infringement

1   of the D443 patent were not consistent with the standards of commerce for its

2   industry.

3       24.   Defendant, through its agents, employees and servants, has, and

4   continues to, knowingly, intentionally and willfully directly infringe, engage in

5   acts of contributory infringement, and/or induce the infringement of the D444

6   patent by directly and/or indirectly making, using, selling, offering for sale

7   and/or importing eyewear which are covered by the D444 patent, including

8   Defendant's Sunglass Warehouse sunglass model Polarized Sport Style #107.

9       25.   Defendant's acts of infringement of the D444 patent were

10   undertaken without permission or license from Oakley.  Defendant had actual

11   and/or constructive knowledge of the D444 patent, and its actions constitute

12   willful and intentional infringement of the D444 patent.  Defendant infringed

13   the D444 patent with reckless disregard of Oakley's patent rights.  Defendant

14   knew, or it was so obvious that Defendant should have known, that its actions

15   constituted infringement of the D444 patent.  Defendant's acts of infringement

16   of the D444 patent were not consistent with the standards of commerce for its

17   industry.

18       26.   Defendant, through its agents, employees and servants, has, and

19   continues to, knowingly, intentionally and willfully directly infringe, engage in

20   acts of contributory infringement, and/or induce the infringement of the D571

21   patent by directly and/or indirectly making, using, selling, offering for sale

22   and/or importing eyewear which are covered by the D571 patent, including

23   Defendant's Sunglass Warehouse sunglass model Polarized Sport Style #9314.

24       27.   Defendant's acts of infringement of the D571 patent were

25   undertaken without permission or license from Oakley.  Defendant had actual

26   and/or constructive knowledge of the D571 patent, and its actions constitute

27   willful and intentional infringement of the D571 patent.  Defendant infringed

28   the D571 patent with reckless disregard of Oakley's patent rights.  Defendant

1   knew, or it was so obvious that Defendant should have known, that its actions

2   constituted infringement of the D571 patent. Defendant's acts of infringement

3   of the D571 patent were not consistent with the standards of commerce for its

4   industry.

5       28.   Defendant, through its agents, employees and servants, has, and

6   continues to, knowingly, intentionally and willfully directly infringe, engage in

7   acts of contributory infringement, and/or induce the infringement of the D793

8   patent by directly and/or indirectly making, using, selling, offering for sale

9   and/or importing eyewear which are covered by the D793 patent, including

10   Defendant's Sunglass Warehouse sunglass model Polarized Sport Style #1913.

11       29.   Defendant's acts of infringement of the D793 patent were

12   undertaken without permission or license from Oakley. Defendant had actual

13   and/or constructive knowledge of the D793 patent, and its actions constitute

14   willful and intentional infringement of the D793 patent. Defendant infringed

15   the D793 patent with reckless disregard of Oakley's patent rights. Defendant

16   knew, or it was so obvious that Defendant should have known, that its actions

17   constituted infringement of the D793 patent. Defendant's acts of infringement

18   of the D793 patent were not consistent with the standards of commerce for its

19   industry.

20       30.   Defendant, through its agents, employees and servants, has, and

21   continues to, knowingly, intentionally and willfully directly infringe, engage in

22   acts of contributory infringement, and/or induce the infringement of the D458

23   patent by directly and/or indirectly making, using, selling, offering for sale

24   and/or importing eyewear which are covered by the D458 patent, including

25   Defendant's Sunglass Warehouse sunglass model Polarized Sport Style #18500

26   and Polarized Sport Style #20568.

27   / / /

28   / / /

1    31.    Defendant's acts of infringement of the D458 patent were

2    undertaken without permission or license from Oakley. Defendant had actual

3    and/or constructive knowledge of the D458 patent, and its actions constitute

4    willful and intentional infringement of the D458 patent. Defendant infringed

5    the D458 patent with reckless disregard of Oakley's patent rights. Defendant

6    knew, or it was so obvious that Defendant should have known, that its actions

7    constituted infringement of the D458 patent. Defendant's acts of infringement

8    of the D458 patent were not consistent with the standards of commerce for its

9    industry.

10    32.    Defendant, through its agents, employees and servants, has, and

11    continues to, knowingly, intentionally and willfully directly infringe, engage in

12    acts of contributory infringement, and/or induce the infringement of the D088

13    patent by directly and/or indirectly making, using, selling, offering for sale

14    and/or importing eyewear which are covered by the D088 patent, including

15    Defendant's Sunglass Warehouse sunglass model Polarized Sport Style #4090.

16    33.    Defendant's acts of infringement of the D088 patent were

17    undertaken without permission or license from Oakley. Defendant had actual

18    and/or constructive knowledge of the D088 patent, and its actions constitute

19    willful and intentional infringement of the D088 patent. Defendant infringed

20    the D088 patent with reckless disregard of Oakley's patent rights. Defendant

21    knew, or it was so obvious that Defendant should have known, that its actions

22    constituted infringement of the D088 patent. Defendant's acts of infringement

23    of the D088 patent were not consistent with the standards of commerce for its

24    industry.

25    34.    Defendant, through its agents, employees and servants, has, and

26    continues to, knowingly, intentionally and willfully directly infringe, engage in

27    acts of contributory infringement, and/or induce the infringement of the D725

28    patent by directly and/or indirectly making, using, selling, offering for sale

and/or importing eyewear which are covered by the D725 patent, including Defendant's Sunglass Warehouse sunglass model Style #7350.

35.    Defendant's acts of infringement of the D725 patent were undertaken without permission or license from Oakley.  Defendant had actual and/or constructive knowledge of the D725 patent, and its actions constitute willful and intentional infringement of the D725 patent.  Defendant infringed the D725 patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D725 patent.  Defendant's acts of infringement of the D725 patent were not consistent with the standards of commerce for its industry.

36.    As a direct and proximate result of Defendant's patent infringement, Defendant has derived and received gains, profits, and advantages in an amount not presently known to Oakley.

37.    Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

38.    Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendant's total profits from the sale of eyewear that infringe any one of Oakley's design patents.

39.    Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

40.    Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

41.    Defendant will continue to directly and/or indirectly infringe Oakley's patents to the great and irreparable injury of Oakley, unless enjoined by this Court.

/ / /

1    **WHEREFORE,** Oakley prays for judgment in its favor against
2  Defendant for the following relief:

3    A.    An Order adjudging Defendant to have willfully infringed the
4  D412 patent, the D443 patent, the D444 patent, the D571 patent, the D793
5  patent, the D458 patent, the D088 patent, and the D725 patent under 35 U.S.C. §
6  271;

7    B.    A preliminary and permanent injunction enjoining Defendant, its
8  respective officers, directors, agents, servants, employees and attorneys, and
9  those persons in active concert or participation with Defendant, from directly or
10 indirectly infringing any of the D412 patent, the D443 patent, the D444 patent,
11 the D571 patent, the D793 patent, the D458 patent, the D088 patent, and the
12 D725 patent in violation of 35 U.S.C. § 271;

13   C.    That judgment be entered against Defendant awarding Oakley all
14 damages proved at trial pursuant to 35 U.S.C. § 284, and that Defendant pay to
15 Oakley all damages suffered by Oakley as a result of Defendant's infringement;

16   D.    That pursuant to 35 U.S.C. § 289, Defendant account for its total
17 profits from Defendant's infringement of Oakley's asserted design patents, and
18 that such profits be awarded to Oakley;

19   E.    An Order for a trebling of damages and/or exemplary damages
20 because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

21   F.    An Order adjudging that this is an exceptional case;

22   G.    An award to Oakley of the attorney fees, expenses, and costs
23 incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

24   H.    An award of pre-judgment and post-judgment interest and costs of
25 this action against Defendant;

26   I.    That Oakley have and recover the costs of this civil action,
27 including reasonable attorneys' fees;

28

1    J.    An award of pre-judgment and post-judgment interest and costs of

2  this action against Defendant; and,

3    K.    Such other and further relief as this Court may deem just and

4  proper.

5                        Respectfully submitted,

6                        KNOBBE, MARTENS, OLSON & BEAR, LLP

7

8  Dated: July 11, 2013        By: _____

9                        Michael K. Friedland
                         Lauren K. Katzenellenbogen
10                       Ali S. Razai
                         Joy Lynn Nemirow
11                       Attorneys for Plaintiff Oakley, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **DEMAND FOR JURY TRIAL**

2          Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so

3  triable.

4

5                                    KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7  Dated:  July 11, 2013          By: _____
                                        Michael K. Friedland
8                                       Lauren K. Katzenellenbogen
                                        Ali S. Razai
9                                       Joy Lynn Nemirow
                                        Attorneys for Plaintiff Oakley, Inc
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

# EXHIBIT A

US00D569412S

(12) **United States Design Patent** (10) Patent No.: **US D569,412 S**

Jannard et al. (45) Date of Patent: ** **May 20, 2008**

(54) **EYEGLASS AND EYEGLASS COMPONENTS**

(75) Inventors: **James H. Jannard**, Spieden Island, WA (US); **Lek Thixton**, Orcas, WA (US); **Colin Baden**, Irvine, CA (US); **Peter Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/266,547**

(22) Filed: **Sep. 22, 2006**

(51) **LOC (8) Cl.** ................................................. **16-06**
(52) **U.S. Cl.** .................................... **D16/314**; D16/321
(58) **Field of Classification Search** .............. D16/101, D16/300–342; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–123, 351/140, 153; 2/426–432, 447–449, 441, 2/434–437; D21/483, 659–661
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D150,924 | S | 9/1948 | Blight |
| D176,316 | S | 12/1955 | Fleming |
| D178,178 | S | 7/1956 | Fleming |
| D293,450 | S | 12/1987 | Jannard |
| D323,333 | S | 1/1992 | Jannard et al. |
| D324,394 | S | 3/1992 | Jannard |
| D329,442 | S | 9/1992 | Jannard |
| D330,035 | S | 10/1992 | Jannard |
| D331,587 | S | 12/1992 | Jannard et al. |
| 5,249,001 | A | 9/1993 | Jannard |
| D344,742 | S | 3/1994 | Jannard |
| D354,501 | S | 1/1995 | Jannard |

| | | | | |
|---|---|---|---|---|
| 5,610,668 | A | | 3/1997 | Mage |
| D384,364 | S | | 9/1997 | Yee |
| 5,760,868 | A | | 6/1998 | Jannard et al. |
| D399,519 | S | | 10/1998 | Yee |
| D399,866 | S | | 10/1998 | Yee |
| D401,607 | S | | 11/1998 | Miniutti |
| D410,484 | S | | 6/1999 | Jannard et al. |
| 6,233,342 | B1 | | 5/2001 | Fernandez |
| D447,162 | S | * | 8/2001 | Jannard et al. ............ D16/326 |
| D458,624 | S | | 6/2002 | Soper |
| D473,892 | S | | 4/2003 | Thixton et al. |
| D508,515 | S | * | 8/2005 | Yee et al. ................... D16/335 |
| D513,761 | S | * | 1/2006 | Yee et al. ................... D16/321 |
| D533,889 | S | * | 12/2006 | Saderholm et al. ........ D16/314 |
| D545,848 | S | * | 7/2007 | Chuang ...................... D16/314 |

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57) **CLAIM**

The ornamental design for eyeglass and eyeglass components, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass and the eyeglass components of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;

FIG. **5** is a top plan view thereof; and,

FIG. **6** is a bottom plan view thereof.

**1 Claim, 4 Drawing Sheets**



**Exhibit A Page 1 of 5**



## *FIG. 1*



*FIG. 2*



*FIG. 3*



*FIG. 4*



*FIG. 5*



*FIG. 6*

# EXHIBIT B

US00D581443S

(12) **United States Design Patent**         (10) **Patent No.:**        **US D581,443 S**

Jannard et al.                               (45) **Date of Patent:**    ** **Nov. 25, 2008**

(54) **EYEGLASSES COMPONENTS**

(75) Inventors: **James H. Jannard**, Spieden Island, WA
(US); **Lek Thixton**, Orcas, WA (US);
**Colin Baden**, Irvine, CA (US); **Peter
Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/301,902**

(22) Filed: **Mar. 21, 2008**

**Related U.S. Application Data**

(62) Division of application No. 29/266,547, filed on Sep. 22, 2006, now Pat. No. Des. 569,412.

(51) **LOC (8) Cl.** ................................................. **16-06**
(52) **U.S. Cl.** ................................................... **D16/314**
(58) **Field of Classification Search** ............... D16/101, D16/300–342; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–123, 351/140, 153; 2/426–432, 447–449, 441, 2/434–437

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D150,924 | S | 9/1948 | Blight |
| D176,316 | S | 12/1955 | Fleming |
| D178,178 | S | 7/1956 | Fleming |
| D293,450 | S | 12/1987 | Jannard |
| D323,333 | S | 1/1992 | Jannard et al. |
| D324,394 | S | 3/1992 | Jannard |
| D329,442 | S | 9/1992 | Jannard |
| D330,035 | S | 10/1992 | Jannard |
| D331,587 | S | 12/1992 | Jannard et al. |
| 5,249,001 | A | 9/1993 | Jannard |
| D344,742 | S | 3/1994 | Jannard |
| D346,814 | S | * | 5/1994 | Iida ............................ D16/314 |
| D354,501 | S | 1/1995 | Jannard |

| | | | |
|---|---|---|---|
| 5,610,668 | A | 3/1997 | Mage |
| D384,364 | S | 9/1997 | Yee |
| 5,760,868 | A | 6/1998 | Jannard et al. |
| D399,519 | S | 10/1998 | Yee |
| D399,866 | S | 10/1998 | Yee |
| D401,607 | S | 11/1998 | Miniutti |
| D410,484 | S | 6/1999 | Jannard et al. |
| 6,233,342 | B1 | 5/2001 | Fernandez |
| D452,522 | S | * | 12/2001 | Chiou ........................ D16/330 |
| D458,624 | S | 6/2002 | Soper |
| D473,892 | S | 4/2003 | Thixton et al. |
| D529,066 | S | * | 9/2006 | Matera ...................... D16/315 |

OTHER PUBLICATIONS

U.S. Appl. No. 29/266,547, filed Sep. 22, 2006.
U.S. Appl. No. 29/288,604, filed Jun. 15, 2007.
U.S. Appl. No. 29/288,605, filed Jun. 15, 2007.
U.S. Appl. No. 29/288,606, filed Jun. 15, 2007.

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57) **CLAIM**

The ornamental design for eyeglass components, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass components of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;

FIG. **5** is a top elevational view thereof; and,

FIG. **6** is a bottom plan view thereof.

Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 3 Drawing Sheets**



**U.S. Patent**   Nov. 25, 2008   Sheet 1 of 3   **US D581,443 S**



# FIG. 1

**U.S. Patent**     Nov. 25, 2008     Sheet 2 of 3     US D581,443 S



## FIG. 2



## FIG. 3



## FIG. 4



## *FIG. 5*



## *FIG. 6*

# EXHIBIT C

US00D581444S

(12) **United States Design Patent**      (10) **Patent No.:**      **US D581,444 S**

Jannard et al.      (45) **Date of Patent:**      ** **Nov. 25, 2008**

(54) **EYEGLASS COMPONENTS**

(75) Inventors: **James H. Jannard**, Spieden Island, WA (US); **Lek Thixton**, Orcas, WA (US); **Colin Baden**, Irvine, CA (US); **Peter Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/301,914**

(22) Filed: **Mar. 21, 2008**

**Related U.S. Application Data**

(62) Division of application No. 29/266,547, filed on Sep. 22, 2006, now Pat. No. Des. 569,412.

(51) **LOC (8) Cl.** .................................................. **16-06**
(52) **U.S. Cl.** .................... **D16/314**; D16/321; D16/335
(58) **Field of Classification Search** ............... D16/101, D16/300–342; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–123, 351/140, 153; 2/426–432, 447–449, 441, 2/434–437
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D150,924 S | 9/1948 | Blight |
| D176,316 S | 12/1955 | Fleming |
| D178,178 S | 7/1956 | Fleming |
| D293,450 S | 12/1987 | Jannard |
| D323,333 S | 1/1992 | Jannard et al. |
| D324,394 S | 3/1992 | Jannard |
| D329,442 S | 9/1992 | Jannard |
| D330,035 S | 10/1992 | Jannard |
| D331,587 S | 12/1992 | Jannard et al. |
| 5,249,001 A | 9/1993 | Jannard |
| D344,742 S | 3/1994 | Jannard |
| D354,501 S | 1/1995 | Jannard |
| 5,610,668 A | 3/1997 | Mage |
| D384,364 S | 9/1997 | Yee |

| | | | |
|---|---|---|---|
| 5,760,868 A | 6/1998 | Jannard et al. | |
| D399,519 S | 10/1998 | Yee | |
| D399,866 S | 10/1998 | Yee | |
| D401,607 S | 11/1998 | Miniutti | |
| D410,484 S | 6/1999 | Jannard et al. | |
| 6,233,342 B1 | 5/2001 | Fernandez | |
| D458,624 S | 6/2002 | Soper | |
| D473,892 S | 4/2003 | Thixton et al. | |
| D497,380 S | * | 10/2004 | Thixton et al. ............. D16/326 |
| D508,515 S | * | 8/2005 | Yee et al. ................... D16/335 |
| D513,761 S | * | 1/2006 | Yee et al. ................... D16/335 |
| D529,066 S | * | 9/2006 | Matera ...................... D16/315 |

OTHER PUBLICATIONS

U.S. Appl. No. 29/266,547, filed Sep. 22, 2006.
U.S. Appl. No. 29/288,604, filed Jun. 15, 2007.
U.S. Appl. No. 29/288,605, filed Jun. 15, 2007.
U.S. Appl. No. 29/288,606, filed Jun. 15, 2007.

\* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57) **CLAIM**

The ornamental design for eyeglass components, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass components of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a lateral left-side elevational view thereof, the lateral right-side elevational view being a mirror image thereof;

FIG. **4** is a rear elevational view thereof;

FIG. **5** is a top elevational view thereof; and,

FIG. **6** is a bottom plan view thereof.

Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 4 Drawing Sheets**



**Exhibit C Page 1 of 5**



# *FIG. 1*

**Exhibit C Page 2 of 5**

 

# FIG. 2



# FIG. 3

 

# FIG. 4

**Exhibit C Page 3 of 5**



FIG. 5

Exhibit C Page 4 of 5

**U.S. Patent**     Nov. 25, 2008     Sheet 4 of 4     **US D581,444 S**



*FIG. 6*

Exhibit C Page 5 of 5

# EXHIBIT D

US00D564571S

(12) **United States Design Patent**

Jannard et al.

(10) Patent No.: **US D564,571 S**

(45) Date of Patent: ** **Mar. 18, 2008**

(54) **EYEGLASS AND EYEGLASS COMPONENTS**

(75) Inventors: **James H. Jannard**, Spieden Island, WA (US); **Lek Thixton**, Orcas, WA (US); **Colin Baden**, Irvine, CA (US); **Peter Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/266,786**

(22) Filed: **Sep. 27, 2006**

(51) **LOC (8) Cl.** ................................................. **16-06**

(52) **U.S. Cl.** ..................................... **D16/326;** D16/335

(58) **Field of Classification Search** ....... D16/300–330, D16/101, 332–338; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–111, 351/156, 61, 114–119, 121–123; 2/426–432, 2/447–449, 441, 434–437

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 2,397,243 A | 3/1946 | Cooper |
| D168,903 S | 2/1953 | Neary |
| D196,000 S | 8/1963 | McNeill |
| 3,565,517 A | 2/1971 | Gitlin et al. |
| 3,838,914 A | 10/1974 | Fernandez |
| 4,787,730 A | 11/1988 | Bristol |
| 4,951,322 A | 8/1990 | Lin |
| D468,337 S * | 1/2003 | Chen ........................ D16/314 |
| D469,459 S | 1/2003 | Moritz |
| D476,354 S * | 6/2003 | Chen ........................ D16/315 |
| D478,929 S | 8/2003 | Baden et al. |
| D483,392 S * | 12/2003 | Chen ........................ D16/315 |
| D508,515 S * | 8/2005 | Yee et al. .................. D16/335 |

| | | | |
|---|---|---|---|
| D545,351 S * | 6/2007 | Jannard et al. | ............ D16/326 |
| 2006/0238700 A1* | 10/2006 | Del Vecchio | ............... 351/103 |

OTHER PUBLICATIONS

Pending U.S. Appl. No. 29/215,624, filed Oct. 20, 2004, Thixton.
Pending U.S. Appl. No. 29/222,726, filed Feb. 2, 2005, Yee et al.
Oakley, Inc., "Oakley Eyewear Catalog, 2005-2006," published 2005, pp. 12, 22, and 23, "Half Wire," "Half Jacket," and "Bottlecap" models, Foothill Ranch, California.
"Nike Skylong EXP" sunglass, printed from www.sunglasshut.com on Mar. 25, 2005, unknown publication date.
"Bolle Mongel" sunglass, printed from www.sunglasshut.com on Mar. 25, 2005, unknown publication date.

* cited by examiner

*Primary Examiner*—Raphael Barkai

(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57) **CLAIM**

The ornamental design for eyeglass and eyeglass components, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass and the eyeglass components of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;

FIG. **5** is a top plan view thereof; and,

FIG. **6** is a bottom plan view thereof.

Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 4 Drawing Sheets**







# *FIG. 1*



**FIG. 2**



**FIG. 3**



**FIG. 4**



*FIG. 5*



## FIG. 6

# EXHIBIT E

US00D547793S

(12) **United States Design Patent**    (10) **Patent No.:**    **US D547,793 S**

Baden et al.    (45) **Date of Patent:**    **   **Jul. 31, 2007**

(54) **EYEGLASSES**

(75) Inventors: **Colin Baden**, Irvine, CA (US); **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Peter Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/225,018**

(22) Filed: **Mar. 10, 2005**

(51) **LOC (8) Cl.** .......................................... **16-06**
(52) **U.S. Cl.** ................................................. **D16/326**
(58) **Field of Classification Search** ....... D16/300–330, D16/101, 332–338; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–111, 351/156, 61, 114–119, 121–123; 2/426–432, 2/447–449, 441, 434–437
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D187,299 S | | 2/1960 | Behr |
| D192,885 S | * | 5/1962 | Petitto ....................... D16/329 |
| D193,028 S | | 6/1962 | Petitto |
| D199,150 S | | 9/1964 | Carmichael |
| D202,658 S | | 10/1965 | Petitto |
| D204,812 S | | 5/1966 | Schindler |
| D209,862 S | | 1/1968 | McCracken |
| D210,418 S | * | 3/1968 | Bloch ........................ D16/326 |
| D218,569 S | * | 9/1970 | McCracken ................ D16/325 |
| D264,094 S | * | 4/1982 | Morris ...................... D16/325 |
| D268,683 S | | 4/1983 | Tenny |
| D339,816 S | | 9/1993 | Jackson |
| D363,504 S | | 10/1995 | Arnette |
| D372,726 S | | 8/1996 | Simioni |
| D372,929 S | | 8/1996 | Conway |
| D377,803 S | | 2/1997 | Wilson |

| | | | |
|---|---|---|---|
| D389,504 S | | 1/1998 | Simioni |
| D390,589 S | | 2/1998 | Simioni |
| D392,308 S | | 3/1998 | Simioni |
| D397,351 S | | 8/1998 | Simioni |
| D399,238 S | * | 10/1998 | Simioni ..................... D16/326 |
| D414,796 S | | 10/1999 | Arnette |
| D420,035 S | * | 2/2000 | Hartman .................... D16/325 |
| D449,641 S | * | 10/2001 | Arnette ..................... D16/326 |
| D488,499 S | * | 4/2004 | Mage ........................ D16/326 |
| D500,781 S | * | 1/2005 | Mage ........................ D16/326 |
| D518,847 S | * | 4/2006 | Teng ......................... D16/326 |
| D532,033 S | * | 11/2006 | Mangum ................... D16/326 |
| D534,572 S | * | 1/2007 | Teng ......................... D16/326 |
| D534,573 S | * | 1/2007 | Mage ........................ D16/326 |
| D536,028 S | * | 1/2007 | Paulson .................... D16/326 |
| D537,467 S | * | 2/2007 | Teng ......................... D16/326 |

OTHER PUBLICATIONS

Sunglass Hut, p. 5, 2002.*

* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57) **CLAIM**

The ornamental design for an eyeglasses, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglasses of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left-side elevational view of the eyeglasses, the right side elevational view being a mirror image thereof;

FIG. **5** is a top plan view thereof; and,

FIG. **6** is a bottom plan view thereof.

**1 Claim, 4 Drawing Sheets**



**U.S. Patent**         Jul. 31, 2007         Sheet 1 of 4         US D547,793 S



# FIG. 1



# FIG. 2



# FIG. 3



# FIG. 4



# FIG. 5



# FIG. 6

# EXHIBIT F



US00D469458S

(12) **United States Design Patent**　(10) **Patent No.:**　**US D469,458 S**

Baden et al.　(45) **Date of Patent:**　＊＊　**Jan. 28, 2003**

(54) **EYEGLASS FRONT**

(75) Inventors: **Colin Baden**, Irvine, CA (US); **Peter Yee**, Irvine, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(\*\*) Term: **14 Years**

(21) Appl. No.: **29/162,825**

(22) Filed: **Jun. 17, 2002**

**Related U.S. Application Data**

(62) Division of application No. 29/134,388, filed on Dec. 20, 2000.

(51) **LOC (7) Cl.** .................................................. **16-06**
(52) **U.S. Cl.** ...................................................... **D16/326**
(58) **Field of Search** ........................ D16/101, 300–330;
D29/109, 110; 351/41, 44, 51, 52, 158;
2/447, 448

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 836,796 | A | 11/1906 | Anderson |
| 1,338,880 | A | 5/1920 | Stevens |
| 2,031,771 | A | 2/1936 | Grier |
| D116,259 | S | 8/1939 | Cook |
| D145,288 | S | 7/1946 | DiCicco |
| 2,482,664 | A | 9/1949 | Gagnon |
| D168,903 | S | 2/1953 | Neary |
| D169,724 | S | 6/1953 | Bauer et al. |
| D193,028 | S | 6/1962 | Petitto |
| D199,150 | S | 9/1964 | Carmichael |
| D204,496 | S | 4/1966 | McCulloch |
| D204,812 | S | 5/1966 | Shindler |
| D209,862 | S | 1/1968 | McCracken |
| D214,292 | S | 5/1969 | Mitchell |
| D228,026 | S | 7/1973 | Schindler |
| 5,054,903 | A | 10/1991 | Jannard et al. |
| D324,394 | S | 3/1992 | Jannard |
| D342,534 | S | 12/1993 | Jannard et al. |
| D354,501 | S | 1/1995 | Jannard |
| D365,591 | S | 12/1995 | Jannard et al. |

| | | | |
|---|---|---|---|
| D366,890 | S | 2/1996 | Arnette |
| D366,891 | S | 2/1996 | Arnette |
| D369,614 | S | 5/1996 | Fukuchi |
| D371,152 | S | 6/1996 | Simioni et al. |
| D372,726 | S | 8/1996 | Simioni |
| D373,781 | S | 9/1996 | Simioni et al. |

(List continued on next page.)

OTHER PUBLICATIONS

Asia Pacific Trading Company, Inc., "Asia Pacific 1999–2000", pp. 1 (models M0302SD/PM, M16SD and M1685SD), 2 (models M1824LPM, M2066SD, M2128SD), 3 (model M3991SD), 5 (model M4771SD), 6 (model M663–1PM, M7107SD), 8 Model M8162SD/PM), 10 (models M942150SD/PM, M942240SD/PM, M942242sd/pm), 21 (models M942150CP, P4988SD), 24 (model M2282SD), 25 (models M5505PM, M60680SD), 35 (models M5409MSG, M7349MSG), and 42 (models M9820IR, M9821IR, M9822IR) unknown publisher and publishing date.

(List continued on next page.)

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory Nelson

(57) **CLAIM**

The ornamental design for an eyeglass front, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass of the present invention;
FIG. **2** is a front elevational view;
FIG. **3** is a rear elevational view thereof;
FIG. **4** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;
FIG. **5** is a top plan view thereof; and,
FIG. **6** is a bottom plan view thereof.
Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 3 Drawing Sheets**



**US D469,458 S**

Page 2

---

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D376,381 | S | 12/1996 | Jannard et al. |
| D378,375 | S | 3/1997 | Tsai |
| D383,149 | S | 9/1997 | Simioni |
| D388,816 | S | 1/1998 | Jannard et al. |
| D391,596 | S | 3/1998 | Simioni |
| D392,662 | S | 3/1998 | Jannard et al. |
| D399,240 | S | 10/1998 | Jannard et al. |
| D399,865 | S | 10/1998 | Jannard et al. |
| D406,858 | S | 3/1999 | Arnette |
| D410,667 | S | 6/1999 | Arnette |
| D414,796 | S | 10/1999 | Arnette |
| D436,982 | S | 1/2000 | Jannard et al. |
| D420,036 | S | 2/2000 | Yee et al. |
| D423,035 | S | 4/2000 | Yee et al. |
| D433,437 | S | * 11/2000 | Yee ........................... D16/326 |

### OTHER PUBLICATIONS

Asia Pacific Trading Company, Inc., "Asia Pacific 2000 Supplement", pp. 2 (models M5915SD, M5932SD, M5936SD, M5956SD), 3 (models M631SD, M6405SD/PM, M7920SD), 4 (models M88155SD/PM, M88205SD/PM, M95005PM, M95007SD/PM), 9 (models M98001MSG, M971MSG), unknown publisher and publishing date.

Sunglass Hut International, page stamped G00298, Model B, unknown publisher and publishing date.

Alpina, "Serious, Perfect Eye Protection", Tatoo model—top right corner of third page, unknown publisher and publishing date.

Frames, "Winter 1997", p. 1151, bottom right corner (Revolt model), unknown publisher and publishing date.

Frames, "Summer 1996", p. 1225, second to bottom in right column (model GU 5003 Sun), unknown publisher and publishing date.

Unknown source, p. 90 (model Z5469), 93 (model Z554), 97 (models Z586, Z590, Z585, Z591), 100 (model Z604, Z605, Z606, Z607, Z608) unnumbered page (models B632, B630), 133 (models Z847, Z848), 136 (Model Z873), and 328 (both models).

U.S. patent application Ser. No. 29/134388, Baden et al., filed Dec. 20, 2000.

* cited by examiner



*FIG. 1*



*FIG.2*



*FIG.3*



*FIG.4*



*FIG.5*



*FIG.6*

# EXHIBIT G

US00D565088S

(12) **United States Design Patent**    (10) **Patent No.:**    **US D565,088 S**

Baden et al.      (45) **Date of Patent:**    \*\* **Mar. 25, 2008**

(54) **EYEGLASS AND EYEGLASS COMPONENTS**

(75) Inventors: **Colin Baden**, Irvine, CA (US); **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Peter Yee**, Irvine, CA (US); **Lek Thixton**, Orcas, WA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(\*\*) Term: **14 Years**

(21) Appl. No.: **29/258,507**

(22) Filed: **Apr. 20, 2006**

(51) **LOC (8) Cl.** ................................................. **16-06**

(52) **U.S. Cl.** ...................................... **D16/326**; D16/335

(58) **Field of Classification Search** ....... D16/300–330, D16/101, 332–338; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–111, 351/156, 61, 114–119, 121–123; 2/426–432, 2/447–449, 441, 434–437

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D184,274 | S | 1/1959 | Darr |
| D190,884 | S | 7/1961 | Rose et al. |
| D192,884 | S | 5/1962 | Pettito |
| D198,719 | S | 7/1964 | McCulloch |
| D198,939 | S | 8/1964 | Huggins |
| D200,734 | S | 3/1965 | Zurich |
| D200,735 | S | 3/1965 | Mitchell |
| D202,658 | S | 10/1965 | Pettito |
| D205,419 | S | 8/1966 | Griss |
| 3,476,466 | A | 11/1969 | Hopkins |
| D245,090 | S | 7/1977 | Zimmermann |
| D362,260 | S | 9/1995 | Lin |
| D372,726 | S | 8/1996 | Simioni |
| D384,364 | S | 9/1997 | Yee |
| 5,760,868 | A | 6/1998 | Jannard et al. |
| D423,035 | S | 4/2000 | Yee et al. |
| 6,233,342 | B1 | 5/2001 | Fernandez |
| D449,641 | S | 10/2001 | Arnette |
| D464,669 | S | 10/2002 | Thixton et al. |
| D478,929 | S | 8/2003 | Baden et al. |
| D484,173 | S | 12/2003 | Jannard et al. |
| D489,394 | S | | 5/2004 | Teng |
| D508,515 | S | | 8/2005 | Yee et al. |
| D518,847 | S | \* | 4/2006 | Teng | ........................ D16/326 |
| D547,794 | S | \* | 7/2007 | Jannard et al. | ............ D16/326 |
| D552,665 | S | \* | 10/2007 | Mage | ........................ D16/326 |
| D553,176 | S | \* | 10/2007 | Yee et al. | .................... D16/335 |
| D555,187 | S | \* | 11/2007 | Yee | ............................ D16/326 |

OTHER PUBLICATIONS

U.S. Appl. No. 29/227,719, filed Apr. 13, 2005, Jannard, et al., Pending application.
U.S. Appl. No. 29/254,337, filed Feb. 21, 2006, Fox, et al., Pending application.
U.S. Appl. No. 29/225,027, filed Mar. 9, 2005, Baden, et al., Pending application.
U.S. Appl. No. 29/225,018, filed Mar. 10, 2005, Baden, et al., Pending application.
U.S. Appl. No. 29/254,423, filed Dec. 22, 2005, Fox, et al., Pending application.
Berthet-Bondet. *B.B. sol 1968,* Sunglass Catalogue, p. 2, 10.
Optical Journal & Review of Optometry, Nov. 1, 1971, p. 12.
Spy Sunglasses. *Curtis Black Fade.* www.spyoptic.com/the_products/fashion_sunglasses/index.cfm?ModelName=Fashion/Curtis.

\* cited by examiner

*Primary Examiner*—Raphael Barkai
(74) *Attorney, Agent, or Firm*—Gregory K. Nelson

(57) **CLAIM**

The ornamental design for an eyeglass and eyeglass components, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass and the eyeglass components of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;

FIG. **4** is a rear elevational view thereof;

FIG. **5** is a bottom plan view thereof; and,

FIG. **6** is a top plan view thereof.

**1 Claim, 4 Drawing Sheets**



**U.S. Patent**     Mar. 25, 2008     Sheet 1 of 4     **US D565,088 S**



## *FIG. 1*

**U.S. Patent**     Mar. 25, 2008     Sheet 2 of 4     US D565,088 S



## FIG. 2



## FIG. 3



## FIG. 4



## FIG. 5

**U.S. Patent**     Mar. 25, 2008     Sheet 4 of 4          US D565,088 S



## *FIG. 6*

# EXHIBIT H

US00D640725S

(12) **United States Design Patent**  (10) Patent No.:   **US D640,725 S**

Moritz et al.                                (45) Date of Patent:   ** *Jun. 28, 2011

(54) **EYEGLASS AND EYEGLASS COMPONENT**

(75) Inventors: **Hans Karsten Moritz**, Foothill Ranch, CA (US); **Anthony Gerald Kern**, Mission Viejo, CA (US)

(73) Assignee: **Oakley, Inc.**, Foothill Ranch, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/370,712**

(22) Filed: **Aug. 25, 2010**

(51) **LOC (9) Cl.** ................................................. **16-06**

(52) **U.S. Cl.** ..................................... **D16/315**; D16/335

(58) **Field of Classification Search** ................ D16/101, D16/300–342; D29/109–110; D24/110.2; 351/41, 44, 51–52, 62, 158, 92, 103–123, 351/140, 153, 45–46; 2/426–432, 447–449, 2/441, 434–437, 13, 15; D21/483, 659–661
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| D196,000 | S |   | 8/1963 | McNeill | |
| D469,459 | S |   | 1/2003 | Moritz | |
| D476,354 | S |   | 6/2003 | Chen | |
| D483,392 | S |   | 12/2003 | Chen | |
| D511,540 | S |   | 11/2005 | Hsu | |
| D543,572 | S | * | 5/2007 | Yee et al. ..................... | D16/315 |
| 7,222,958 | B1 |   | 5/2007 | Chiou | |
| D545,868 | S |   | 7/2007 | Chuang | |
| D564,568 | S | * | 3/2008 | Moritz ........................ | D16/315 |
| D564,571 | S |   | 3/2008 | Jannard et al. | |
| D583,851 | S |   | 12/2008 | Lane | |
| D584,330 | S |   | 1/2009 | Chen | |
| 7,497,569 | B2 |   | 3/2009 | Webb | |
| D600,269 | S | * | 9/2009 | Masui ........................... | D16/315 |
| D622,755 | S | * | 8/2010 | Yee .............................. | D16/315 |
| 2006/0238700 | A1 |   | 10/2006 | Del Vecchio | |

* cited by examiner

*Primary Examiner* — Raphael Barkai
(74) *Attorney, Agent, or Firm* — Knobbe Martens Olson & Bear, LLP

(57) **CLAIM**

The ornamental design for an eyeglass and eyeglass component, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of the eyeglass and eyeglass component of the present invention;

FIG. **2** is a front elevational view thereof;

FIG. **3** is a rear elevational view thereof;

FIG. **4** is a left-side elevational view thereof, the right-side elevational view being a mirror image thereof;

FIG. **5** is a top plan view thereof;

FIG. **6** is a bottom plan view thereof;

FIG. **7** is a front perspective view of an alternative embodiment of the eyeglass and eyeglass component of the present invention;

FIG. **8** is a front elevational view of the eyeglass and eyeglass component of FIG. **7**;

FIG. **9** is a rear elevational view of the eyeglass and eyeglass component of FIG. **7**;

FIG. **10** is a left-side elevational view of the eyeglass and eyeglass component of FIG. **7**, the right-side elevational view being a mirror image thereof;

FIG. **11** is a top plan view of the eyeglass and eyeglass component of FIG. **7**; and,

FIG. **12** is a bottom plan view of the eyeglass and eyeglass component of FIG. **7**.

Phantom lining, where utilized, is for illustrative purposes only and is not intended to limit the claimed design to the features shown in phantom.

**1 Claim, 8 Drawing Sheets**





*FIG. 1*



*FIG. 2*



*FIG. 3*



*FIG. 4*



## FIG. 5

# FIG. 6





*FIG. 7*



**FIG. 8**



**FIG. 9**



**FIG. 10**

**U.S. Patent**     Jun. 28, 2011     Sheet 7 of 8     US D640,725 S



**FIG. 11**

# FIG. 12



Michael K. Friedland (SBN 157,217)
Lauren K. Katzenellenbogen (SBN 223,370)
Ali S. Razai (SBN 246,922)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ONE CLICK INTERNET VENTURES, LLC d/b/a SUNGLASS WAREHOUSE and SUNGLASSWAREHOUSE.COM, an Indiana limited liability company,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV13-1033 DOC (JPRx)**<br><br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Michael K. Friedland_____, whose address is _Knobbe, Martens; 2040 Main St., 14th Fl., Irvine, CA 92614_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

**NANCY K BOEHME**

Dated: ____JUL 11 2013____          By: _____
                                                    Deputy Clerk

                                                    *(Seal of the Court)* 1191

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

OAKLEY, INC., a Washington corporation,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

ONE CLICK INTERNET VENTURES, LLC, d/b/a SUNGLASS WAREHOUSE and SUNGLASSWAREHOUSE.COM, an Indiana limited liability company,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Michael K. Friedland, Lauren K. Katzenellenbogen, Ali S. Razai
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor; Fourteenth Floor
Irvine, CA 92614, phone: 949-760-0404

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify):
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Patent Infringement arising under 35 U.S.C. Section 271

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accomodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY: Case Number:** SACV13-1033 DOC (JPRx)

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ NO  ☒ YES

If yes, list case number(s):   SACV13-00572 JVS(ANx) _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☒ D. Involve the same patent, trademark or copyright, _and one_ of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County (for purposes of venue pursuant to 28 U.S.C. section 1391(c)) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | United States |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _(signature)_   DATE: 7/11/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 1033 DOC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.